IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TOMMY JAMES PARVIN, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> LORIE DAVIS, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> § <br> Respondent. § | Civil Action No. 4:16-CV-1121-O |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Tommy James Parvin, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

On October 23, 2013, in the 271st District Court, Jack County, Texas, Case No. 4528, a jury found Petitioner guilty on one count of burglary of a habitation with intent to commit aggravated assault with a deadly weapon, one count of aggravated assault with a deadly weapon, and one count of deadly conduct by discharging a firearm. SHR[1] 33-41, ECF No. 12-16. Thereafter, Petitioner pleaded true to the sentencing enhancement paragraph in the indictment and the trial court assessed his punishment at thirty years' confinement on the burglary count and twenty years' confinement on the remaining two counts. *Id.* Petitioner appealed his convictions, but, on December 4, 2014, the

---

[1]"SHR" refers to the court record of Petitioner's state habeas proceeding in WR-84,968-01.

Second District Court of Appeals of Texas affirmed the trial court's judgments of conviction by jury. Mem. Op. Petitioner filed a petition for discretionary review (PDR) in the Texas Court of Criminal Appeals, which was dismissed as untimely. Electronic R., ECF No. 12-1. Petitioner also sought postconviction state habeas relief by filing a state application for a writ of habeas corpus on March 12, 2016,[2] which was denied by the Texas Court of Criminal Appeals on June 8, 2016, without written order. SHR 20 & Action Taken, ECF Nos. 12-16 & 12-13. This federal petition for federal habeas relief was filed on November 21, 2016.[3] Pet. 10, ECF No. 1. In the petition, Petitioner raises three grounds for relief, alleging that he is actually innocent and that he received ineffective assistance of trial and appellate counsel. *Id.* at 6-7, 12-15. Respondent contends that the petition is untimely under the federal statute of limitations. Resp't's Preliminary Answer 6-13, ECF No. 10.

## II. LEGAL DISCUSSION

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2]Petitioner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not state the date Petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" was signed by Petitioner on March 12, 2016; thus, the Court deems the application filed on that date.

[3]Likewise, a petitioner's pro se federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because Petitioner's claims relate to the 2013 Jack County trial proceedings and resulting judgments of conviction, subsection (A) is applicable to this case. Under that provision, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment became final on January 3, 2014, upon expiration of the time that Petitioner had for filing a timely petition for discretionary review, triggering limitations, which expired one year later on Monday, January 5, 2015.[4] *See* TEX. R. APP. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). *See also Shaw v. Director, TDCJ-CID,* No. 6:10-CV-100, 2012 WL 7006373, at *2 (E.D. Tex. Nov. 15, 2012) (providing absent a timely PDR, the petitioner's conviction became final 30 days after the court of appeals rendered its ruling); *Johns v. Thaler,* No. H-04-2065, 2005 WL 2233618, at *3 (S.D. Tex. Mar. 10, 2011) (same).

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's state habeas application, filed after limitations

---

[4]January 3, 2015, was a Saturday.

had already expired, did not operate to toll limitations. *See Moore v. Cain,* 298 F.3d 361, 366-67 (5th Cir. 2002); *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Nor has Petitioner demonstrated that he is entitled to tolling as a matter of equity.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner attempting to overcome the expiration of the statute of limitations by showing actual innocence is required to produce "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"–sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 569 U.S. at 386 (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)). Petitioner does not address the limitations issue in his form petition and there is no evidence in the record, that he was prevented in some extraordinary way from asserting his rights in federal court. And, although he raises a freestanding actual-innocence claim, he presents no new evidence to meet the actual-innocence exception.

Because Petitioner fails to demonstrate that any tolling of the limitations period is applicable, his federal petition was due on or before January 5, 2016. His petition filed on November 21, 2016, is therefore untimely.

### III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred. Further, pursuant to 28 U.S.C. § 2253(c), for

4

the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 7th day of September, 2018.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**